|(*Supreme Court of Illinois.*)

## Anna Burton

### vs.

## Martin Green.

'(September 28, 1871.)'

1. Equity Jurisdiction—Adequate Remedy at Law. Where a complainant alleges that at the time of filing the bill, and prior thereto, the full title in fee simple to the tract of land described in the bill was vested in him, and prays for a conveyance of the land by the defendant to him, a court of equity has no jurisdiction of the subject matter, and can grant him no relief, as he has an adequate remedy at law.

2. Allegations of Bill—Possession—Remedy at Law. In such case, where there is no allegation in the bill that the complainant was in possession of the land, of which he seeks to compel a conveyance, at the time of filing his bill, the inference must be that he was not in possession; and not being in possession, his remedy to recover the possession was complete at law, by an action of ejectment.

3. Lost Deed—Subsequent Conveyance—Equity Jurisdiction. The fact that a widow receives a deed of premises to herself to supply the place of a prior deed executed to her husband in his lifetime, and alleged to be lost, constitutes no such equity as to give chancery jurisdiction to compel the widow to convey to the complainant.

*Charles J. Beattie,* for plaintiff in error.
*Dickey, Rice & Lewis,* for defendant.

Breese, J. :—

Complainant alleges in his bill, that at the time of filing the same and prior thereto, the full title in fee simple to the piece of land described therein, was vested in him. There is no allegation in the bill that complainant was in possession, the inference, therefore, must be he was not in possession, and being so, his remedy to recover the possession was complete at law by an action of ejectment, in which he could not fail to recover, on showing a complete legal title in himself. The fact that Mrs. Burton had received of Hallam a

deed to herself, to supply the place of a prior deed executed to her husband in his lifetime, and alleged to be lost, constitutes no such equity as to give chancery jurisdiction. Complainant claims through Burton, and to establish his title at law, it would only be necessary to prove the execution of the deed by Hallam to Burton and its subsequent loss. We fail to perceive any equity in complainant's bill. The motion to dissolve the injunction and dismiss the bill should have been allowed. Refusing it was error, and for this the decree must be reversed and the cause remanded.